### HALSEY W. CURTIS *vs.* CYRUS A. CLARK.

Hampden. Sept. 26. — Nov. 25, 1882. LORD, FIELD & COLBURN, JJ., absent.

A. sold to B. certain personal property and real estate, taking in payment an amount in money greater than the value of the personal estate, and a promissory note for the residue. The deed of the property was defective as to the real estate, because not under seal. *Held*, that A. could not maintain an action against B. on the promissory note, although B. entered into possession of the real estate, and remained in possession until after the action was brought upon the note.

CONTRACT upon a promissory note for $500, dated July 13, 1875, payable on April 1, 1876, to the order of the plaintiff, and signed by the defendant. The case was submitted to the Superior Court, and, after judgment for the defendant, to this court, on appeal, upon the following agreed facts:

The promissory note declared on was executed by the defendant, and the consideration thereof was part of the price of certain real estate in this Commonwealth, and personal property conveyed by the plaintiff to the defendant, by a writing in the form of a deed duly acknowledged, except that instead of a seal the letters " L. S." were upon it in the place where a seal is usually affixed to such an instrument. The defendant

entered into possession of the land described in said deed, and remained in occupation thereof for some years, and until after the commencement of this suit. The whole price of said real estate and personal property was $2000, and the value of the personal property was $100; $1000 was paid in cash, and the balance by two promissory notes of $500 each, of which the note in suit is one.

A mortgage upon said real estate was given by the defendant to the plaintiff to secure said notes, which was defective as regards the seal to the same extent as the deed to the defendant. The plaintiff, claiming under said mortgage, has entered into possession of said real estate. The plaintiff has also redeemed said premises from a sale for taxes, and has taken a quitclaim deed from the purchaser at said sale.

*C. L. Long*, for the plaintiff.

*J. M. Ross*, for the defendant.

C. ALLEN, J. The statement of facts in this case is rather meagre, but we think it sufficiently appears that the plaintiff was to convey to the defendant a good title to the land, by a good and sufficient deed, at the time of receiving the cash and notes for the price ; that he failed to do so, and delivered, instead of a deed, a paper which conveyed no title; that he has never tendered or offered to execute and deliver a valid deed; and that the defendant did not intend to accept an invalid deed in lieu of a valid one. For the personal property, the plaintiff was more than paid, in cash. The notes, therefore, are to be treated as applicable only to the real estate. The consideration of the note in suit was a part of the price of the real estate. Through the plaintiff's fault, no title was conveyed. The defendant has never sought by bill in equity to compel the plaintiff to make a title to him. The plaintiff has never offered to make such title to the defendant, though it was in his power to do so. Under these circumstances, both parties are to be treated as having rescinded the bargain, so far as the real estate is concerned, and the consideration of the note entirely fails. *Rice* v. *Goddard*, 14 Pick. 293. *Trask* v. *Vinson*, 20 Pick. 105, 110. *Basford* v. *Pearson*, 9 Allen, 387. The fact that the defendant was in possession for several years does not help the plaintiff. The consideration of the note was not for use and occupation, but

for a title. No case is cited, or has been found, which holds that a vendor of land, who has agreed to give a good and valid deed at the time of receiving a promissory note for the price, and who has received the note, but through his own fault has failed to give or to offer to give such deed, can recover on the note; even though the vendee has for a time been in the use and occupation of the land. See Sugd. Vend. & P. 240; Dart Vend. & P. (5th. ed.) 961, 962; Bayley on Bills, 507; *Bank of Columbia* v. *Hagner*, 1 Pet. 455.

*Judgment for the defendant affirmed.*